**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001193**
**23-DEC-2015**
**09:32 AM**

NO. CAAP-14-0001193

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEPHANIE M. LAY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1DTA-13-05214 & 1DTI-13-161221)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Stephanie M. Lay appeals from the Notices of Entry of Judgment and/or Order and Plea/Judgment ("Judgment"), which were entered on August 25, 2014,[1] in the District Court of the First Circuit, Honolulu Division ("District Court"). After a bench trial,[2] the District Court found Lay guilty on one count of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawaii Revised Statutes ("HRS") § 291E-61(a)(1) in Case No. 1DTA-13-05214;[3] and in Case

---

[1]    Appellant attached Notices of Entry of Judgment and/or Order and Plea/Judgment from a return hearing on September 24, 2014 to the notice of appeal. The trial, adjudication, and sentence occurred on August 25, 2014, therefore, we deem these Notices of Entry of Judgment and/or Order and Plea/Judgment to be the proper judgments appealed from.

[2]    The Honorable Linda K.C. Luke presided.

[3]        A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle . . . [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Haw. Rev. Stat. § 291E-61(a)(1) (Supp. 2013).

No. 1DTI-13-161221, Count 1, Carrying Another Person on a Moped, in violation of HRS § 291C-195(c);[4] and Count 2, Unsafe Lane Change, in violation of HRS § 291C-38(c)(1).[5]  On appeal, Lay contends that there was insufficient evidence for conviction on any of the charges.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Lay's points of error as follows, affirm Lay's conviction on the first two charges, and reverse Lay's conviction on the third charge:

(1) Contrary to Lane's assertions, we hold that the State adduced substantial evidence to support the OVUII conviction.  Indeed, evidence presented at trial showed that when a police officer pulled Lay over, Lay's breath smelled of alcohol, her eyes were red and glassy, her face was flushed, and she was unsteady on her feet.  Moreover, Lay demonstrated her inability to drive responsibly when she swerved on the road while her passenger had his hands up and shouted.  Based on this evidence and testimony establishing that Lay was belligerent and uncooperative with the officer who attempted to administrer three field sobriety tests, we hold that there was substantial evidence to support the conviction for OVUII.  See Haw. Rev. Stat. § 291E-61(a)(1); e.g., State v. Gaston, 108 Hawaiʻi 308, 310-11, 119 P.3d 616, 618-19 (App. 2005) (upholding defendant's OVUII conviction because evidence demonstrated that his face was flushed, his eyes were red and glassy, his breath had smelled of alcohol, he was unsteady on his feet, and he had lost control of his vehicle and hit a guardrail, and thus constituted substantial evidence); State v. Ferm, 94 Hawaiʻi 17, 27, 7 P.3d 193, 203 (App. 2000) (upholding defendant's OVUII conviction as supported

---

[4]     HRS § 291C-195(c) (2007) provides that "No person shall drive a moped which is carrying any other person nor shall any person other than the driver ride upon a moped."

[5]     HRS § 291C-38(c)(1) (2007) provides that "A broken white line is used to indicate the edge of the traffic lane where travel is permitted in the same direction on both sides of the line and may be crossed by vehicular traffic when the crossing can be made with safety."

by substantial evidence where, at the scene of the incident, his breath smelled of alcohol, his movements were extremely unsteady, his eyes were glassy and bloodshot, his speech was slurred, he had crashed into a parked vehicle, and where he had admitted that he had consumed alcohol before the accident); *State v. Mitchell*, 94 Hawai'i 388, 398-400, 15 P.3d 314, 324-26 (App. 2000) (holding that substantial evidence supported defendant's OVUII conviction where his breath smelled of alcohol, his speech was slurred, his eyes were watery and bloodshot, he was hostile and belligerent towards police officers, he had difficulty walking, he admitted to drinking before the accident, and where he had struck another vehicle). Accordingly, we affirm Lay's OVUII conviction.

(2) The State adduced substantial evidence to show that Lay committed the No-Passenger-on-Moped offense, in violation of HRS § 291C-195(c). On appeal, Lay does not dispute that she had a passenger on the moped with her when she was stopped. Rather, Lay argues that the State failed to fulfill its burden to show that Lay was operating a two-wheeled, rather than a three-wheeled, moped. *See* Haw. Rev. Stat. § 291C-195(c)-(d) (2007 & Supp. 2013). We disagree.

HRS § 291C-195(d), explicitly states that subsection (c) "shall not apply to three-wheeled mopeds designed to carry a driver and passenger seated side by side." Therefore, because substantial evidence in the record on appeal shows that Lay's passenger was seated behind, and not next to, her, HRS § 291C-195(c) applied. Thus, we affirm Lay's conviction for Carrying Another Person on a Moped.

(3) Regarding Lay's final conviction for Unsafe Lane Change, however, we hold that the State failed to adduce sufficient evidence, so we reverse as to that charge. Under HRS § 291C-38(c)(1), "[a] broken white line . . . may be crossed by vehiclular traffic when the crossing can be made with safety." Here, although the State presented evidence that swerving on a moped while carrying a passenger on the back whose arms were in the air, is dangerous, it did not adduce substantial evidence that quickly crossing the broken white line twice at

approximately 2 a.m. was unsafe.[6] *See* Haw. Rev. Stat. § 291C-38(c). Indeed, nothing in the trial record demonstrates that Lay was speeding, that the road conditions were unsafe, or that any cars or people were near the moped when it crossed the lane marker. Moreover, although *State v. Kaleohano*, 99 Hawaiʻi 370, 56 P.3d 138 (2002), stands for the proposition that a vehicle swerving *within* its lane of travel *and* crossing over the solid double center line twice is sufficient to warrant an investigative traffic stop, neither that case nor the other case the State offers, *State v. Pone*, 78 Hawaiʻi 262, 892 P.2d 455 (1995), supports the State's position that Lay's crossing of the broken white line was *per se* unsafe under the conditions of this case. As such, we cannot uphold Lay's conviction for Unsafe Lane Change under HRS § 291C-38(c)(1).

Therefore, IT IS HEREBY ORDERED that (1) the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on August 25, 2014 in Case No. 1DTA-13-05214 for OVUII, is affirmed; (2) the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on August 25, 2014 in Case No. 1DTI-13-161221 for Count 1, Carrying Another Person on a Moped is affirmed; and (3) the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on August 25, 2014 in Case No. 1DTI-13-161221 for Count 2, Unsafe Lane Change, is reversed.

DATED: Honolulu, Hawaiʻi, December 23, 2015.

On the briefs:

Reiko A. Bryant,
Deputy Public Defender,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[6] The District Court did not address the issue of safety in stating its conclusion at trial [JTr. doc. 19 at 55–61] and, as noted by the State in its answering brief, there is nothing in the record showing that the State prepared findings and conclusions as requested by the court [AB at 5].